1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT WOOTEN, an
     individual,
11
                     Plaintiff,               No. CIV S-11-1791 MCE DAD PS
12          v.

13   COUNTRYWIDE HOME LOANS
     INC., ARGENT MORTGAGE, OCWEN
14   LOAN SERVICING, LLC, WESTERN          ORDER
     PROGRESSIVE, LLC; THERE [sic]
15   PREDECESSORS, SUCCESSORS,
     AGENTS, ASSIGNEES AND
16   THERE [sic] CORRELATES,
     and CITIGROUP,
17
                     Defendants.
18
     _____/
19

20          This matter came before the court on August 12 and October 7, 2011, for hearing

21   of defendants' motions to dismiss pro se plaintiff Robert Wooten's complaint.  (Doc. Nos. 8 &

22   16.)  On August 12, attorney Steven Son appeared telephonically for the moving parties Ocwen

23   Loan Servicing, LLC ("Ocwen") and Western Progressive, LLC ("Western Progressive").

24   Plaintiff appeared at the hearing on his own behalf.  At the October 7 hearing, attorney Feather

25   Baron appeared telephonically for the moving party Countrywide Home Loans ("CHL"); plaintiff

26   did not appear at this hearing or file a timely opposition to the motion.  Following an order to

1   show cause issued to plaintiff after the hearing, plaintiff filed a written response to CHL's

2   motion, and CHL filed a reply.[1]  Following the hearings and the completion of briefing, the

3   motions were taken under submission.

4          For the reasons set forth below, upon consideration of the briefing on file, the

5   parties' arguments at the hearing, and the entire file, defendants' motions to dismiss will be

6   granted.  Plaintiff has failed to allege a cognizable claim giving rise to federal jurisdiction.

7   Jurisdiction exists in this case because of a single claim brought by plaintiff pursuant to the

8   Racketeer Influenced and Corrupt Organizations Act ("RICO").  However, that claim is

9   inadequately plead, and without a federal claim for relief, the court would recommend that the

10  assigned District Judge decline to exercise jurisdiction over plaintiff's remaining state law

11  claims.  The instant order addresses primarily plaintiff's RICO claim and identifies the

12  deficiencies in that claim.  Nonetheless, the court will permit plaintiff an opportunity to amend

13  his complaint to state a cognizable RICO claim, thereby supplying grounds for jurisdiction.[2]

14                                  BACKGROUND

15         In his complaint plaintiff alleges as follows.  "[F]rom about 1994 through 2002,"

16  plaintiff obtained two home loans from CHL in connection with two properties located in

17  undesirable neighborhoods.  (Compl. at ¶ 5 [Doc. No. 2-2].)   In 2002, plaintiff sought a third

18  loan from CHL and was advised that, "in order to qualify for the new loan, plaintiff would have

19  to sell the two existing properties."  (Id.)  Plaintiff sold the properties, but CHL declined to make

20  a new loan directly to plaintiff.  (Id.)

21         Instead, an unidentified real estate broker directed plaintiff to an unidentified

22  broker, who brokered a $185,152.00 loan ("Loan") from America's Wholesale Lender ("AWL"),

23

24  [1]  Plaintiff filed a response to CHL's reply.  (Doc. No. 25 [Pl.'s Rebuttal to Def.'s Reply to Pl.'s Opp'n to MTD].)  The local rules do not permit the filing of sur-replies, and thus, the court disregards plaintiff's unauthorized filing.

25

26  [2]  In light of the granting of leave to amend and without a properly plead federal claim, the court will defer consideration of plaintiff's state law claims at this juncture.

a dba of CHL.  (Id. at ¶ 6.)  The Loan closed on October 14, 2002 and was evidenced by a

promissory note ("Note") and secured by a deed of trust ("DOT") on the subject property in

Stockton, California ("Property").   (Id. at ¶ 1; CHL Request for Judicial Notice ("RJN"), Ex. A

[Doc. No. 17].)  The DOT identifies plaintiff as the borrower and AWL as the lender.  (Id.)

Although plaintiff admits obtaining this Loan, he complains that he was required

to make a large down payment ("three times the normal down payment of five (5) percent") and

was "forced into a sub-prime loan" with an interest rate that was higher than his prior loans and

higher than other rates at the time.  (Compl. at ¶ 6.)  Plaintiff claims that these terms were

improper since he had a preexisting relationship with CHL.  (Id. at ¶¶ 6-7.)

In May 2005, plaintiff refinanced the Loan with a $240,000.00 loan ("Refinance

Loan") from defendant Argent Mortgage Company, LLC ("Argent").  (Id. at ¶¶ 9-12; RJN at Ex.

B.)  Plaintiff used the proceeds of the Refinance Loan to repay the Loan in full.  (RJN at Ex. C.)

Over five years later, in October 2010, defendant Western Progressive issued a notice of default

("NOD"), indicating that plaintiff had defaulted on the Refinance Loan, having $12,100.81 in

arrearages.  (RJN at Ex. D).  On June 2, 2011, after plaintiff failed to cure his default, Western

Progressive recorded a notice of trustee's sale, scheduling a sale date of June 24, 2011. (RJN at

Ex. E.)

On June 6, 2011, plaintiff filed the instant complaint in the San Joaquin County

Superior Court, alleging claims for (1) negligent misrepresentation, (2) fraudulent concealment,

(3) intentional misrepresentation, (4) violation of Cal. Civil Code § 2923.5, (5) violation of Cal.

Bus. & Prof. Code § 17200, (6) breach of contract and (7) violation of RICO against CHL,

Western Progressive, Ocwen, Citigroup and Argent Mortgage.[3]  He thereafter, on June 23, 2011,

obtained an ex parte order from the San Joaquin Superior Court enjoining the foreclosure

proceedings.  (Doc. No. 2-2.)  Subsequently, on July 6, 2011 Western Progressive and Ocwen

[3]  It is not clear whether plaintiff has served Citigroup or Argent Mortgage.  Neither party
has appeared to date in the action.

3

1   removed the action to federal court based on plaintiff's federal RICO claim.  (Doc. No. 2.)

2           Following the filing of the complaint, and before removal of the action to this

3   court, plaintiff executed a loan modification agreement with Ocwen, the current servicer of the

4   Refinance Loan.  (Doc. No. 8 at 1.)  The trustee's sale was cancelled.  (Id. at 2.)

5                                              STANDARD

6           The purpose of a motion to dismiss pursuant to Rule 12(b)(6)[4] is to test the legal

7   sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

8   1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

9   sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901

10  F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

11  relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A

12  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

13  the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v.

14  Iqbal,  556 U.S. 662,___, 129 S. Ct. 1937, 1949 (2009).

15          In determining whether a complaint states a claim on which relief may be granted,

16  the court accepts as true the allegations in the complaint and construes the allegations in the light

17  most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

18  United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less

19  stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519,

20  520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the

21  form of factual allegations.  United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th

22  Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than

23  an unadorned, the defendant-unlawfully-harmed-me accusation."  Iqbal, 129 S. Ct. at 1949.  A

24  pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

25  _____
    [4]  Unless otherwise noted, all references to a "Rule" are to the Federal Rules of Civil
26  Procedure.

                                                    4

1   elements of a cause of action." <u>Twombly</u>, 550 U.S. at 555; <u>Iqbal</u>, 129 S. Ct. at 1950

2   ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

3   statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove

4   facts which it has not alleged or that the defendants have violated the . . . laws in ways that have

5   not been alleged." <u>Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters</u>,

6   459 U.S. 519, 526 (1983).

7            In ruling on the motion, the court is permitted to consider material which is

8   properly submitted as part of the complaint, documents that are not physically attached to the

9   complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on

10  them, and matters of public record.  <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688-89 (9th Cir.

11  2001).

12                                              <u>ANALYSIS</u>

13        1.    <u>RICO Claim</u>

14           In his RICO claim, brought pursuant to 18 U.S.C. § 1961 *et seq.*, plaintiff alleges

15  that "Defendants" (as a group) have "engaged in a pattern of 'racketeering' through the use of a

16  loose knit association of co-conspirators preying on the same element of unsuspecting investors

17  and or consumers."  (Compl. at ¶ 123.)  Plaintiff claims that the "'dishonest scheme' that

18  residential mortgage lenders are guilty of was 'cooking the books' to remove from the balance

19  sheet toxic loans."  (<u>Id.</u> at ¶ 125.)

20           These conclusory allegations are vague and wholly insufficient to state a

21  cognizable claim for violation of RICO.  To state a RICO claim, a plaintiff must allege:

22  (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity (known as

23  "predicate acts"), (5) causing injury to plaintiff's business or property.  <u>Sanford v. Memberworks,</u>

24  <u>Inc.</u>, 625 F.3d 550, 557 (9th Cir. 2010); <u>Walter v. Drayson</u>, 538 F.3d 1244, 1247 (9th Cir. 2008);

25  <u>Grimmett v. Brown</u>, 75 F.3d 506, 510 (9th Cir. 1996).  The alleged enterprise must exist

26  "separate and apart from that inherent in the perpetration of the alleged [activity]." <u>Chang v.</u>

1  <u>Chen</u>, 80 F.3d 1293, 1300-01 (9th Cir. 1996).  A "pattern of racketeering activity" means at least

2  two criminal acts enumerated by statute.  18 U.S.C. § 1961(1), (5) (including, among many

3  others, mail fraud, wire fraud, and financial institution fraud).  These so-called "predicate acts"

4  under RICO must be alleged with specificity in compliance with Rule 9(b).  <u>Schreiber Distrib.</u>

5  <u>Co. v. Serv-Well Furniture Co.</u>, 806 F.2d 1393, 1400-01 (9th Cir. 2004); <u>see also</u> <u>Lancaster</u>

6  <u>Community Hospital v. Antelope Valley Hospital Dist.</u>, 940 F. 2d 397, 405 (9th Cir. 1991)

7  (holding with respect to the predicate act of mail fraud that a plaintiff must allege with

8  "particularity the time, place, and manner of each act of fraud, plus the role of each defendant in

9  each scheme"); <u>Alan Neuman Productions, Inc. v. Albright</u>, 862 F.2d 1388, 1392-93 (9th Cir.

10  1988); <u>Pineda v. Saxon Mortgage Services</u>, No. SacV 08-1187 JVS, 2008 WL 5187813, at *4

11  (C.D. Cal. Dec., 10, 2008) ("It is not enough for [plaintiff] to rely on mere labels and

12  conclusions" to establish a RICO claim but rather, plaintiff must give each defendant notice of

13  the particular predicate act it participated in and must allege each predicate act with specificity).

14      Here, the complaint offers no factual allegations in support of plaintiff's claim, let

15  alone specific facts sufficient to meet the heightened pleading requirements applicable to fraud

16  claims under Rule 9(b).[5]  Plaintiff does not mention CHL in his RICO claim, much less advise

17  /////

18  /////

19  /////

20

21      [5]  Circumstances that must be stated with particularity pursuant to Rule 9(b) include the "time, place, and specific content of the false representations as well as the identities of the

22  parties to the misrepresentations."  <u>Sanford v. Memberworks, Inc.</u>, 625 F.3d 550, 558 (9th Cir. 2010) (quoting <u>Edwards v. Marin Park, Inc.</u>, 356 F.3d 1058, 1066 (9th Cir. 2004)).  <u>See also</u>

23  <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 764 (9th Cir. 2007); <u>Miscellaneous Serv. Workers, Drivers & Helpers v. Philco-Ford Corp.</u>, 661 F.2d 776, 782 (9th Cir. 1981) (affirming district court's

24  dismissal of the plaintiffs' deceit and misrepresentation claims where plaintiffs failed to allege with sufficient particularity the content of the false representations and identities of the parties to

25  the misrepresentations).  "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[] in the alleged fraudulent scheme.'"

26  <u>Swartz</u>, 476 F.3d at 765 (quoting <u>Moore v. Kayport Package Express</u>, 885 F.2d 531, 541 (9th Cir. 1989)).

1    CHL of its alleged role in the purported scheme.[6] <u>Aizusss v. Commonwealth Equity Trust</u>, 847

2    F. Supp. 1482, 1490-91 (E.D. Cal. 1993) (dismissing RICO claim where predicate fraud claim

3    was inadequately pled).  It is true that defendants Western Progressive and Ocwen are identified

4    in eight of the thirty-four paragraphs of plaintiff's complaint in which he sets forth the RICO

5    claim.  (Compl. at ¶¶ 141-43, 145-46, 149-51.)  However, none of these allegations, even

6    assuming their truth, sufficiently allege a RICO claim.  Rather, plaintiff simply alleges that

7    Western Progressive and Ocwen along with the other defendants, *generally*, are part of the

8    mortgage/lending industry, performing acts typical of those in the industry.  Such allegations do

9    not identify a separate enterprise apart from that inherent in the perpetration of the alleged

10   scheme.  Indeed, they simply describe the very industry used to perpetrate the alleged fraud.

11   Moreover, plaintiff has not alleged any predicate acts committed by the moving defendants.  As

12   noted, plaintiff does not even mention CHL in his RICO claim, and while he makes vague

13   references to Western Progressive's and Ocwen's use of the "mail" or "wires" in conducting their

14   businesses, he does not describe their conduct with sufficient detail to meet the requirements of

15   Rule 9(b).  At most, plaintiff simply describes acts by Western Progressive and Ocwen that

16   would appear to be standard procedure in the mortgage/lending industry.  Predicate acts must be

17   described specifically and in relation to each defendant's particular, alleged illegal conduct.

18   Plaintiff's complaint fails to set forth these specifics.  Accordingly, defendants' motions with

19   respect to plaintiff's RICO claim must be granted.

20        2.    <u>Leave to Amend</u>

21             The undersigned has carefully considered whether plaintiff may be able to cure

22   the defects in his RICO claim.  In making this assessment, the undersigned has taken into

23

24        [6] In his opposition to the pending motions to dismiss, plaintiff raises new facts
     attempting to establish a basis for a RICO claim against CHL.  (Doc. No. 23 [Pl.'s Reply &
25   Rebuttal (Opp'n) to Def.'s MTD] at ¶¶ 2, 9, 23-32.)  While these new factual allegations may be
     grounds for granting plaintiff leave to amend, they cannot provide the basis for denying the
26   pending motions since the court can only consider the facts alleged in plaintiff's complaint.

1 consideration plaintiff's pleading and all briefing filed in connection with the pending motions.

2 "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and

3 futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th

4 Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276,

5 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely given, the court does not

6 have to allow futile amendments). However, when evaluating the failure to state a claim, the

7 complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the

8 plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"

9 Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S.

10 519, 521 (1972). See also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal

11 of a pro se complaint without leave to amend is proper only if it is absolutely clear that the

12 deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v.

13 Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

14 Here, it does not appear that leave to amend would necessarily be futile with

15 respect to plaintiff's RICO claim. In his opposition to the pending motions, plaintiff provides

16 additional factual allegations in support of this claim, identifying as potential predicate acts, mail,

17 wire or financial institution fraud. While plaintiff has not yet alleged those claims with

18 sufficiently particularity as is required by Rule 9(b), he has demonstrated at least the possibility

19 of doing so.[7]

20 Accordingly, plaintiff's complaint will be dismissed and he will be granted leave

21 to file an amended complaint. As noted at the outset, the court has focused on plaintiff's RICO

22 claim since without a viable federal claim, the court would recommend that the exercise of

23 supplemental jurisdiction over plaintiff's remaining state law claims be declines and that this

24

25 [7] Plaintiff is, however, reminded that in addition to identifying and describing the predicate acts, he must also allege facts demonstrating defendants acted in concert as part of an ongoing organization ("enterprise") which was separate and apart from the underlying mortgage

26 industry for which they are all members.

8

case be remanded to state court.[8]  However, to assist the pro se plaintiff and in an effort to streamline the case, if possible, the court will offer several observations regarding plaintiff's current complaint.

First, as plaintiff acknowledged at the August 12 hearing, in light of the loan modification agreement and cancellation of the foreclosure proceedings with respect to the subject property, any claims directed at the foreclosure proceedings have likely been rendered moot.  Plaintiff should not therefore re-allege those claims in any amended complaint he may elect to file in this court.

Second, with respect to *each* claim for relief, plaintiff must allege how *each* defendant participated in the wrongdoing; presently, with regard to some of plaintiff's claims the complaint fails to describe any relevant conduct by certain defendants (*i.e.*, the RICO claim of the original complaint describes no conduct on the part of defendant CHL), and in other respects, plaintiff alleges claims against defendants who were not parties to the underlying conduct (*i.e.*, defendant CHL was not involved in the challenged foreclosure proceedings, was not a party to the Refinance Loan and did not issue the NOD and, similarly, defendants Western Progressive and Ocwen were not parties to the DOT, Note or Refinance Loan).

Third, with respect to all fraud claims, either as an alleged violation of state law or as a predicate RICO act, plaintiff must comply with the requirements of Rule 9(b) by alleging the "circumstances constituting fraud . . . with particularity."  (Vess v. Ciba-Geigy Corp., USA,

_____

[8]  Subject to the conditions set forth in 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over state law claims.  Acri v. Varian Associates, Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (en banc).  The court's decision whether to exercise supplemental jurisdiction should be informed by values of "economy, convenience, fairness, and comity."  Id. at 1001 (citations omitted).  Further, primary responsibility for developing and applying state law rests with the state courts.  Therefore, when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction.  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d 1041, 1046 (9th Cir. 1994) ("[I]n the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.") (*quoting* Schneider v. TRW Inc., 938 F.2d 986, 993 (9th Cir. 1991)).

317 F.3d 1097, 1103-04 (9th Cir. 2003))  Furthermore, when pleading fraud against a corporate defendant, the requirements are even greater: a plaintiff must "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153, 157 (1991).  See also Sanford v. Memberworks, Inc., 625 F.3d 550, 558 (9th Cir. 2010).  Thus, plaintiff must identify how, when, where, to whom and by what means any specific representation or omission was tendered by each of the defendants – CHL, Western Progressive and Ocwen.  It is not sufficient to make general allegations against all defendants.  Rather, if he elects to file an amended complaint plaintiff must name any employees of the companies who made any specific representation and must indicate their authority to speak for the company, to whom they spoke and what specifically was said or written, when and how any such statement was false.

Finally, plaintiff's original complaint contains claims which plaintiff did not address in responding to defendants' motions; namely, his claim of violation of California Civil Code § 2923.5 and California Business & Professions Code § 17200 *et seq*.  A failure to oppose a dispositive motion may be construed as abandoning the subject claims.  See Herzberg v. County of Plumas, 133 Cal. App. 4th 1, 20 (2005).  Plaintiff should not re-allege these claims in any amended complaint if he does not wish to pursue them.

Plaintiff is also advised to take heed of defendants' arguments presented in the instant motions to dismiss and make a good faith effort to delete in any amended complaint he elects to file all parties and claims not cognizable either because they have been rendered moot (including most if not all of the foreclosure related claims) or because he cannot allege facts supporting them (such as the contract claims in which certain defendants are not contracting parties).  Should plaintiff raise additional unsupported claims, or again raise the claims from the original complaint that were found by the court to be deficient, defendant will likely file another meritorious motion to dismiss and further leave to amend may not be granted.

Finally, plaintiff is advised that any amended complaint he elects to file must be complete in itself without reference to prior pleadings that have been dismissed. See Local Rule 220. The court cannot refer to prior pleadings to make plaintiff's amended complaint complete. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Any amended complaint must contain the factual allegations describing the conduct and events which underlie his claims against each defendant named in the pleading.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motions to dismiss (Doc. Nos. 8 & 16) are granted;

2. Plaintiff's complaint (Doc. No. 2-2) is dismissed; and

3. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of RICO, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: January 31, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD10
Ddad1\orders.civil\wooten.11.1791.mtd.order

11